IDA F. REED *vs.* HARRIS J. HEYMAN.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An agreement to marry on a certain date does not necessarily super-
sede a prior agreement to marry within a reasonable time; on
the contrary, the later agreement may amount simply to fixing
a day for the execution of the earlier one.

In determining whether a party's claims have been misstated in the
charge of the trial court, all the instructions must be read to-
gether.

The parties had entered into a written agreement which, after stating
that they were about to intermarry, contained a promise by the
defendant to pay the plaintiff $1,000 immediately after his de-
cease; and in speaking of this instrument the trial court, in its
charge to the jury, called it "the written contract of marriage."
*Held* that while it might have been more accurately named an
ante-nuptial agreement in the nature of a marriage settlement,
the language used could not have misled the jury as to the real
nature of the document, nor—in view of a specific instruction
upon that point—as to the proper rule of damages.

Submitted on briefs October 24th—decided December 17th, 1907.

ACTION for breach of promise of marriage, brought to
the Superior Court for Fairfield County and tried to the
jury before *Gager, J.;* verdict and judgment for plaintiff
for $1,000. *No error.*

*Samuel A. Davis,* for the appellant (defendant).

*J. Moss Ives*, for the appellee (plaintiff).

BALDWIN, C. J.   The complaint alleged mutual prom-
ises, on December 15th, 1904, to marry within a reasona-
ble time.   The plaintiff offered evidence of such promises,
made shortly prior to December 15th.   The defendant of-
fered evidence that he had asked her to marry him before
that day ; but that she declined, unless he would make a
written contract thàt she should have $1,000 out of his
estate, if she survived him.   It was agreed that such a
contract was made on December 15th, 1904, and signed
by both, reciting that they were about to intermarry, and
that later on that day they agreed to marry on January 5th,
1905.   The defendant requésted the court to charge the
jury that, should they find that the contract made on
December 15th was that the parties should marry on Jan-
uary 5th, the plaintiff could not recover, because her aver-
ments were of a contract to marry within a reasonable time.

This request was properly refused.   It assumes that the
oral agreement on December 15th, 1904, to marry on Jan-
uary 5th, 1905, would supersede any prior agreement to
marry within a reasonable time.   On the contrary the later
agreement might be entirely consistent with the former, and
amount simply to setting a day for its execution.

The plaintiff offered evidence that in February, 1905,
the defendant demanded of her the surrender or destruc-
tion of the written contract of December 15th, and that
she refused to comply with the demand.   He offered evi-
dence that he then promised to marry her if she would
comply with it, and claimed that any previous contract to
marry was at this time rescinded.   Rescission at that time,
by mutual consent, was pleaded as a separate defense.

On this point the court, in its charge, after observing
that the defendant was not bound to show express words
of rescission, recounted the claims of the parties in detail,
as to the circumstances in proof, on which he relied as
amounting to a rescission, and then said that if the jury
found that the plaintiff did not consent to free the defend-

ant from the obligation of the marriage contract, either expressly or by reasonable implication from her conduct, or that she would not consent to destroy or surrender the written contract of marriage and the defendant refused to marry her unless she would, the defense of rescission was not made out; but that if, on the whole case, he had satisfied them that her conduct was such as to amount to a release of his obligation to marry her, the verdict should be in his favor.

The defendant complains of this charge on two grounds.

One is that it assumed a claim on his part that he never made, namely, that the plaintiff's refusal to destroy or surrender the contract of December 15th, and his refusal to marry her unless she would, amounted, standing alone, to a rescission; whereas he relied also on all the attending circumstances. All the instructions must be read together, and when that is done this exception is without merit.

The other ground of objection is that the contract of December 15th was described as " the written contract of marriage," and that the jury may have been thus led to believe that the agreement to pay $1,000 was part of the marriage contract, and furnished a rule of damages. The purpose of the parties to intermarry was recited in this paper as the prime consideration of the promise by the defendant that the plaintiff should have $1,000 immediately after his decease. While the contract would have been more accurately named an ante-nuptial agreement in the nature of a marriage settlement, we perceive no reason to think that the jury can have been in any way misled by the language used. The writing was before them. It recited the existence of a contract of marriage, and the jury were specially instructed that if they found for the plaintiff, the obligation which it purported to cast upon the defendant's estate was not an element to be considered in assessing her damages.

There is no error.

In this opinion the other judges concurred.